UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

CHERYL HARTMAN,                             )
                                            )
        Plaintiff,                          )
                                            )
vs.                                         )        Case No.: 4:18-cv-67
                                            )
LIBERTY LIFE ASSURANCE COMPANY              )
OF BOSTON,                                  )
                                            )
        Defendant.                          )

## COMPLAINT

The Plaintiff, Cheryl Hartman, by and through the undersigned counsel, Bridget O'Ryan,

files this Complaint against Liberty Life Assurance Company of Boston ("Liberty Life") and as

cause therefore states as follows:

### I. JURISDICTION AND VENUE

1.      This action arises under the Employee Retirement Income Security Act of 1974

        ("ERISA"), 29 U.S.C. §1001.  The Court has jurisdiction of this case pursuant to 28

        U.S.C. §1331, in that this action arises under the laws of the United States.  Specifically,

        Cheryl Hartman brings this action to enforce her rights under ERISA as authorized by 29

        U.S.C. §1132.

2.      Defendant Liberty Life Assurance Company of Boston is an insurance company whose

        principal place of business is New Hampshire.  Further, Liberty is incorporated and

        headquartered in New Hampshire and doing business in the State of Indiana.

3.      Regal Beloit Corporation Group Disability Plan is an employee benefit plan, paid for by

        Regal Beloit, which provides both short term and long term disability benefits to Regal

        Beloit employees who become disabled.  Liberty Life administers the short term disability

        plan and insures the long term disability plan.

1

4.    Venue in the Northern District of Indiana is appropriate by virtue of the Plan being administered in this District.

## II.  FACTUAL ALLEGATIONS

6.    Cheryl Hartman began working for Regal Beloit Corporation in October 15, 2007 as a Component Wash/Pack.

7.    Ms. Hartman was forced to stop working as a result of the debilitating effects of fibromyalgia and hyperhidrosis.  Her date of disability is July 12, 2017.

8.    When Ms. Hartman was forced to stop working she applied for short term disability (STD) benefits with Liberty Life.

9.    On August 1, 2017, Liberty Life denied Ms. Hartman STD benefits stating that the medical information provided by her physicians did not support her disability.

10.   Ms. Hartman appealed Liberty Life's decision on August 10, 2017; however, on September 8, 2017, Liberty Life upheld their decision to deny her short term disability benefits claim.

11.   Subsequently, Ms. Hartman applied for long term disability benefits when she remained unable to return to work after the expiration of the STD time period.

12.   Liberty Life denied Ms. Hartman's application for long term disability benefits on October 12, 2017.

13.   Ms. Hartman appealed Liberty Life's decision to deny Ms. Hartman's long term disability benefits on April 10, 2018.

14.   As of the date of the filing of this Complaint, Liberty Life has failed to issue a determination on the appeal within the maximum 90 day regulatory deadline; accordingly, the Court shall hear this case *de novo.*

15.   Ms. Hartman is totally disabled and she has provided Liberty Life with ample medical proof that she is disabled.  Despite this proof, Liberty Life refuses to pay Ms. Hartman her short term and long term disability benefits.  As a result of the denial of benefits, Ms.

Hartman has suffered and continues to suffer from serious financial and emotional distress.

16. Ms. Hartman has provided significant medical proof of her disability from her treating physicians, who have repeatedly opined that Ms. Hartman is totally disabled from performing any occupation.

### III.  CLAIM FOR RELIEF

### WRONGFUL DENIAL OF EMPLOYEE BENEFITS

17. Paragraphs 1-16 are hereby realleged and incorporated herein by reference.

18. From July 12, 2017, when Cheryl Hartman was forced to leave active employment, until the present, Ms. Hartman remains unable to perform the material duties of her regular occupation or any occupation for which she is reasonably qualified based on her education, training or experience.

19. Ms. Hartman provided the Defendant with ample medical evidence to verify her disability under the terms of the Policy.

20. The Defendant has intentionally and without reasonable justification denied Ms. Hartman's disability benefits in violation of the policy and ERISA.

WHEREFORE, the Plaintiff, Cheryl Hartman, requests that this Honorable Court enter Judgment:

A. Finding that Cheryl Hartman is entitled to short term and long term disability benefits and order the Defendant to pay the past due benefits.

B. Finding that Cheryl Hartman is entitled to short term and long term disability benefits and order the Defendant to pay for future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendant's wrongful denial of benefits.

E. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,


s/Bridget O'Ryan
Bridget O'Ryan
Attorney for Cheryl Hartman
O'Ryan Law Firm
1901 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 255-1000
Fax: (317) 255-1006
boryan@oryanlawfirm.com